| | |
|---|---|
| MICHAEL OAKES, DOC # 366104, | * BEFORE JUDITH JACOBSON, |
| GRIEVANT | * AN ADMINISTRATIVE LAW JUDGE |
| v. | * OF THE MARYLAND OFFICE |
| THE MARYLAND DIVISION | * OF ADMINISTRATIVE HEARINGS |
| OF CORRECTION | * OAH No.: DPSC-IGO-002V-13-25803 |
| | * IGO No.: 20130561 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DECISION

STATEMENT OF THE CASE
ISSUES
SUMMARY OF THE EVIDENCE
FINDINGS OF FACT
DISCUSSION
CONCLUSIONS OF LAW
ORDER

## STATEMENT OF THE CASE

On April 1, 2013 the Grievant filed a grievance with the Inmate Grievance Office (IGO).

The IGO summarized the grievance as follows:[1]

> The Grievant complains that at approximately 3:00 – 4:00 p.m. on December 17, 2012, in a property room area at Jessup Correctional Institution (JCI), Lt. Barnett grabbed him from behind, forced him to the ground, kicked him in the face, back, head and private area, and Lt. Barnett continued to assault him as he escorted him to his cell, and in his cell kicked him in the face, back, head and private area.

I held a hearing on September 10, 2013 and October 16, 2013 by video conference.[2]  Md.

Code Ann., Corr. Servs. § 10-207(c) (2008).  I presided from the Office of Administrative

Hearings (OAH) and the parties participated from JCI.  The Grievant was represented by Robert

Ireland, DOC # 212233.  The Division of Correction (DOC) was represented by Carol Jackson,

JCI Inmate Grievance Coordinator.

---

[1] At the hearing, the Grievant accepted the IGO summary as an accurate description of his grievance.

[2] The hearing was scheduled for July 9, 2013, but was postponed by the IGO for reasons that are not clear from the record.  The hearing was continued from September 10, 2013 to October 16, 2013 to subpoena additional witnesses.

Procedure is governed by the contested case provisions of the Administrative Procedure Act, sections 10-201 through 10-226 of the State Government Article, Annotated Code of Maryland (2009 & Supp. 2013); the General Regulations of the IGO, Code of Maryland Regulations (COMAR) 12.07.01; and the Rules of Procedure of the OAH, COMAR 28.02.01.

## ISSUES

Was the Grievant assaulted by Lt. Brandon Barnett on December 17, 2012, and if so, what is the appropriate remedy?

## SUMMARY OF THE EVIDENCE

### Exhibits

The IGO file was incorporated into the record; it contained the following documents:

IGO Ex. # 1 - Grievance, received by the IGO on April 1, 2013; Headquarters Appeal, February 7, 2013; Request for Administrative Remedy, December 18, 2012, with response, February 4, 2013; Health Services Record, January 8, 2013

IGO Ex. # 2 - Email from Robin Woolford to Leslie Walker, April 15, 2013; Email from Tracy Scott to Jill Danzilo, April 17, 2013; Email from Tracy Scott to Robin Woolford, April 22, 2013; Letter from Jill Danzilo, April 22, 2013

IGO Ex. # 3 - Prehearing Order, May 2, 2013

IGO Ex. # 4 - Notice of Hearing, May 2, 2013

IGO Ex. # 5 - Letter from the Grievant to the IGO, received June 26, 2013

IGO Ex. # 6 - Fax cover sheet, June 27, 2013; Request for Administrative Remedy, December 18, 2012, with response, February 4, 2013; Administrative Remedy Procedure Case Summary, January 31, 2013; Emails, Carolyn Murray and Shakeya D. Sellman, February 15, 2013; Memo from Capt. Craig McDonald to Sgt. Shakeya Sellman, January 8, 2013; Memo from Lt. Brandon Barnett to Capt. Eric Jefferson, December 18, 2012; Memo from Pius Uwalor to Maj. Patrick Ford, December 18, 2012; Memo from Lt. Trema Stone to Capt. Eric Jefferson, December 18, 2012; Matter of Record by Sgt. Iwill Mason, December 20, 2012; Matter of Record by Sgt. Gerald Lane, December 17, 2012; Investigator's Summary by Capt. Eric Jefferson, undated; Headquarters Appeal, February 7, 2013, with response, April 18, 2013; OBSCIS screen, June 27, 2013; Disciplinary Hearing record, January 31, 2013, signed by warden's designee February 21, 2013; Notice of Inmate Rule Violation, December 18, 2012

IGO Ex. # 7 - Supplemental Prehearing Order, June 28, 2013

IGO Ex. # 8 - Transmittal for July 9, 2013 hearing

IGO Ex. # 9 - Notice to Presiding Administrative Law Judge for July 2013 hearing

IGO Ex. # 10 -Letter from the Grievant to the IGO, received July 5, 2013

IGO Ex. # 11 - Fax cover sheet, July 8, 2013; Copy of IGO Ex. # 10

IGO Ex. # 12 - Duplicate of IGO Ex. # 11

IGO Ex. # 13 - Duplicate copies of fax cover sheet, July 8, 2013

IGO Ex. # 14 - Postponement Form, July 9, 2013

IGO Ex. # 15 - Notice of Hearing, July 12, 2013

IGO Ex. # 16 - Letter from the Grievant to the IGO, August 20, 2013

IGO Ex. # 17 - Second Supplemental Prehearing Order, September 3, 2013

IGO Ex. # 18 - Transmittal for September 10, 2013 hearing

IGO Ex. # 19 - Notice to Presiding Administrative Law Judge for September 2013 hearing

IGO Ex. # 20 - Postponement Form, September 10, 2013

IGO Ex. # 21 - Notice of Hearing, September 13, 2013

IGO Ex. # 22 - Subpoenas to Lt. Trema Stone, Lt. Pius Uwalor, and Sgt. Iwill Mason, September 16, 2013

IGO Ex. # 23 - Transmittal for October 16, 2013 hearing

IGO Ex. # 24 - Notice to Presiding Administrative Law Judge for October 2013 hearing

The following exhibits were admitted on the Grievant's behalf:[3]

Gr. Ex. # 1 - Health Services Record, December 18, 2012

Gr. Ex. # 2 - Health Services Record, January 8, 2013

The DOC did not offer any exhibits.

---

[3] An exhibit marked for identification as Gr. Ex. # 3 was offered but not admitted into evidence.

Testimony

The Grievant testified and presented three witnesses: Lt. Brandon Barnett, Detective Chris Burton, and Sgt. Iwill Mason. The DOC did not present any witnesses.

## FINDINGS OF FACT

I find the following facts by a preponderance of the evidence:

1. At all times relevant to this matter, the Grievant was housed at JCI.

2. On December 17, 2012, at about 3:00 p.m., the Grievant was escorted from the medical department to his cell by several officers, including Lt. Brandon Barnett.

3. On December 18, 2012, the Grievant had redness at his right upper eyelid, bruising below his left eye, and mild swelling of his right foot. He had no fractures.

## DISCUSSION

Background

The Grievant bears the burden of proving, by a preponderance of the evidence, that an action by DOC officials was arbitrary and capricious, or inconsistent with the law. COMAR 12.07.01.08A(1).

In his original grievance, written on March 28, 2013 and submitted to the IGO on April 1, 2013, the Grievant described two separate incidents on December 17, 2012. He wrote that the first incident, involving Ofcr. Misbau Raji, occurred at 2:30 p.m., when Ofcr. Raji threw him to the ground and pressed his face into the ground, causing a bruise on the side of his face and swelling and bleeding at his nose. The Grievant wrote that the second incident, involving Lt. Brandon Barnett and Ofcr. Pius Uwalor,[4] occurred between 3:00 p.m. and 4:00 p.m. and started at the medical department. The Grievant wrote that Lt. Barnett and Ofcr. Uwalor kicked him in

---

[4] The Grievant listed the officer's name as "Uwala" but the documents indicate that it is Uwalor. (IGO Ex. # 6).

- 4 -

his face, head, back and private area, and later, at his cell, Lt. Barnett kicked him in the face

again. (IGO Ex. # 1).

When the IGO summarized the grievance, the first incident was omitted, and in the

second incident, Ofcr. Uwalor's role was not included. The summary was as follows:

> The Grievant complains that at approximately 3:00 – 4:00 p.m. on December 17,
> 2012, in a property room area at Jessup Correctional Institution (JCI), Lt. Barnett
> grabbed him from behind, forced him to the ground, kicked him in the face, back,
> head and private area, and Lt. Barnett continued to assault him as he escorted him
> to his cell, and in his cell kicked him in the face, back, head and private area.
> (IGO Ex. # 3).

At the beginning of the hearing, I read this summary aloud and asked the Grievant's

representative if it accurately described the grievance in the case. The representative responded

in the affirmative and the Grievant did not object. I find that the Grievant withdrew the

complaints about the altercation with Ofcr. Raji, and any allegations against Ofcr. Uwalor.

The Grievant's Injuries

On December 17, 2012, at about 3:00 p.m., the Grievant was escorted from the medical

department to his cell by several officers, including Lt. Barnett. It was not disputed that on

December 18, 2012, the Grievant had redness at his right upper eyelid, bruising below his left

eye, and mild swelling of his right foot; there were no fractures. (Danzilo report in IGO Ex. # 2).

The Grievant testified that on December 17, 2013, on the way back to lockup from the

medical department, Lt. Barnett grabbed him, twisted his wrists, and forced him to the ground.

The Grievant further stated that Lt. Barnett pulled him up, and, with Ofcr. Uwalor, hit his face

against the wall, and kicked him in his face, head, back, and private area.

The Grievant testified that before the altercation with Lt. Barnett, he was not injured, but

afterward, he had blood on his face, and there was blood in his urine for three days. This

testimony was inconsistent with the Grievant's written grievance, in which he wrote that before

the incident with Lt. Barnett, Ofcr. Raji had thrown him to the ground and pressed his face into the ground, causing a bruise on the side of his face and swelling and bleeding at his nose.

There was no objective evidence to show that the Grievant was assaulted by Lt. Barnett. The Grievant stated that he was told by a detective of the Internal Investigation Unit (IIU) that a videotape showed him being assaulted by Lt. Barnett and other officers. The evidence does not support this description of the videotape. IIU Detective Chris Burton testified that the videotape showed a very brief scuffle when the Grievant came out of the medical department, with the Grievant going back and forth and officers pulling him back. Det. Burton stated that he did not see an assault on the videotape. The Grievant did not challenge the reliability of this testimony, and I accept it as an accurate account of what the videotape showed. Written reports by Capt. Eric Jefferson and Capt. Craig McDonald also indicated that the videotape did not show an assault. (IGO Ex. # 6).

Det. Burton testified that he saw photographs of the Grievant with a black eye and cuts on his face, but since nothing was said about when the photographs were taken, I did not consider the testimony reliable evidence of what happened on December 17, 2012.

Lt. Barnett testified that at the medical department, the Grievant was on the ground, very belligerent and upset, and said he was not going back to his cell; the Grievant got up, cussing and fussing, but went back to the cell without incident. Sgt. Iwill Mason testified that he was part of the escort team that took the Grievant back to the cell, and there was no use of force.

At the Grievant's request, Ofcr. Uwalor and Lt. Trema Stone were subpoenaed, but failed to appear. I find no legal basis to draw an inference from the failure to appear.

Evaluation of the Evidence

Although the Grievant testified that his injuries were caused by Lt. Barnett, I do not find that testimony to be credible evidence, because when the Grievant testified that he had no

injuries before the interaction with Lt. Barnett, he contradicted the description in his written grievance of prior injuries caused by Ofcr. Raji. Because of this significant discrepancy, the Grievant's testimony as a whole is not reliable.

No other evidence showed that the injuries were caused by Lt. Barnett. The Grievant bears the burden of proof to establish the merit of his grievance. He did not meet this burden.

## CONCLUSIONS OF LAW

Based on the foregoing Findings of Fact and Discussion, I conclude as a matter of law that the Grievant failed to prove that he was assaulted by Lt. Brandon Barnett on December 17, 2012. COMAR 12.07.01.08A(1).

## ORDER

Having concluded that the grievance is without merit, I **ORDER** that it is **DENIED** and **DISMISSED**.

December 5, 2013
Date Decision Mailed

Judith Jacobson
Administrative Law Judge

JJ/bp
# 146404

## REVIEW RIGHTS

You are entitled to file a petition for judicial review with the circuit court for the county in which the institution you are confined is located within thirty days of the mailing of the decision. Md. Code Ann., Corr. Servs. § 10-210(b) (2008) and Md. Rules 7-201 through 7-210. Under the provisions of Md. Code Ann., State Gov't § 10-222(h)(3) (2009), this decision may only be reversed or modified on appeal if any substantial right may have been prejudiced because a finding, conclusion, or decision: (1) is unconstitutional; (2) exceeds the statutory authority or jurisdiction of the final decision maker; (3) results from an unlawful procedure; (4) is affected by any other error of law; (5) is unsupported by competent, material, and substantial evidence in light of the entire record as submitted; or (6) is arbitrary or capricious. Judicial review of disputed issues of fact shall be confined to the record for judicial review supplemented by additional evidence taken pursuant to Md. Code Ann., State Gov't § 10-222(f) (2009). The Office of Administrative Hearings is not a party to any review process.

**Copies Mailed To:**

Michael Oaks, DOC #366104
Jessup Correctional Institution
P.O. Box 534
Jessup, MD 20794

Robert Ireland, DOC #212233
Jessup Correctional Institution
P.O. Box 534
Jessup, MD 20794

Carol Jackson, JCI Inmate Grievance Coordinator
Division of Correction
6776 Reisterstown Road, Suite 310
Baltimore, MD 21215

J. Michael Stouffer, Commissioner
Division of Correction
6776 Reisterstown Road, Suite 310
Baltimore, MD 21215

Sgt. Carolyn Murray
Jessup Correctional Institution
P.O. Box 534
Jessup, MD 20794

Appendix 3 to DCD 185-002

Officer's Name: Print and Signature    Date

CASE NO. *JCI 0388-12*

## MARYLAND DIVISION OF CORRECTION
## REQUEST FOR ADMINISTRATIVE REMEDY
(Instructions for completing this form are on the back)

WARDEN'S OFFICE
Received
DEC 2 7 2012
JCI

TO: ☑ Warden of Institution

Emergency Request: ☑ Check only if your complaint poses a continued threat to your health, safety, or welfare.

FROM: **Oakes**   **Michael**   **R**   **366-104**   **J.C.I**
   Last Name   First Name   Middle Initial   DOC Number   Institution

Housing Location **B-C-307**   Protective Custody ☐   Administrative Segregation ☐   Disciplinary Segregation ☑

| Part A – INMATE REQUEST |
| --- |
| On 12-17-12 Between 8-9 pm I was Assaulted By L.T Barnett, Sgt masson, Sagt. lane, and L.T uwala, and L.T Stone She had the Camra the hole time I In the propety Room area I Don't know who GraB me From be Hide But he Twist my wrist and put me in a arm lock L.T Barnett Sad Do we have a promblem I Sad No |

*12-18-12*
Date

*Michael Oakes*
Signature of Inmate

| Part B – RESPONSE |
| --- |
| — SEE attached — |

_____   _____
Date   Signature of Warden

You may appeal this response by following the procedure prescribed on the back of this form.

| Part C – RECEIPT    Case No. *JCI 0388-12* |
| --- |

RETURN TO: **Oakes**   **Michael**   _____   **366-104**   **JCI**
   Last Name   First Name   Middle Initial   DOC Number   Institution

I acknowledge receipt of your complaint dated *12/18/12* in regard to: *assault by staff*

*12/28/12*
Date

_____
Institutional ARP Coordinator

WARDEN'S OFFICE
Received
DEC 2 7 2012

Original: White – Institutional ARP Coordinator
Copy:   Canary - Inmate

DOC Form 185-002c (Rev. 7/08)

JCI

CASE NO. JCI-2388-12

# MARYLAND DIVISION OF CORRECTION
## HEADQUARTERS APPEAL OF
## ADMINISTRATIVE REMEDY RESPONSE
(Instruction for completing this form are on the back)

FEB 13 2013

DIVISI...

TO:   ☑ Commissioner of Correction... Appeal of (check one):   ☐ Dismissal for Procedural Reasons
                                                                 ☑ Warden's Response
                                                                 ☐ No Response from Warden

☐ Executive Director: Inmate Grievance Office

FROM: Oakes     Michael     R     366-104     J.C.I
       Last Name   First Name  Middle Initial  DOC Number   Institution

Housing Location B-B-602   ☐ Protective Custody   ☐ Administrative Segregation   ☐ Disciplinary Segregation ☑

## Part A – REASON FOR APPEAL

I'm Appealing my A.R.P 2388-12 do to the respond from the warden Claims there no evidence of me Being Assaulted By Staff on 12-17-12 Between 2:36-4:00p.m In B-Building C-Wing C.O Misbau Raji Thrown me on the ground I Hit Side of my Face and Have a Bruse He got on top of me Twisted my wrist pulled it Far up my Back and my nose was Bleeing. 3-4 In the property Room L.T Barnett, L.T Uwala, Sgt lane, Sgt. Masson, L.T Stone have a vedio Camra I'm Hand Cuff from the Back also I got Force In the Back of property I Heard There's no Camra's I got Kicked in my Face, Back, Head, And area I got pulled up my Hair I can't walk my wrist is twisted off my Body

2-7-13                                    Michael Oakes
Date                                      Signature of Inmate

## Part B – RESPONSE

SEE ATTACHED

_____
Signature of Commissioner

Date:

You may appeal this response by following the procedure prescribed on the back of this form.

**Part A (Continued) – REASON FOR APPEAL**

I'm Just Trying to put in a report becouse I was Trown on the
ground by C.O Misbau Raji at 2:30 p.m I could not See medical
at that time But I'm trying to report this matter that's it
He grabs me I'm all ready in pain Froce me in the Buck area
I'm Trying to Fight my way out becouse I heard there ive Camra's
I all ready know Force me on the ground Kick me in my Face, Kick
me in my Back, my Head, and My Privet area I heard I love this
shit get up Kick me again. I can't get up This is what we do who
grabs me By my hair to get me up and He said I took your T.V and your
not getting it Back Hit my Head agaist the Door on the way out
pull my hair the hole time Hit me in my Face Hit my head agaist
the Fince on the way to my housing unit my rist Twist in a lock
hair pulled Hit my head agaist the Door on the way in my House
unit get to C-Tair Hit my head agaist that Door the housing
unit put me in my Cell Tell me to Sit down I got Hit down Kick
me in my Face, Buck, Head, Privet area get one Cuff off and put
Hes Foot on my hand Kick me in my Face I can't move and
Tells me report this I was Bleed I Spent out Blood, peeing out
Blood, Bleeding and in pain I have two Black eyes Swallin ankle
Can't move my rist and I was Hand Cuff From the Back the hole
Time. I want all Camra's, Sound on What was Sad and L.7 Stone
Camra and I faer for my Safety every time I See the C.O property
Camra Compound Camra, Housing unit Camra

12-18-12
_____
Date

Michael Oakes #1164
_____
Inmates Name: Print and Signature   DOC #

**Part A (Continued) – REASON FOR APPEAL**

I got Force walking out the Back Door of property to the Conpound into my Houseing unit B-C-307 on the way Down I got Hit By gates, Doors, and Walls My Hair Was Being Pulled By L.T Uwala and L.T Barnett Twisted my Wrist pulled It Far as He can up my Back on the way Down to B-Building in to C-Wing Where the First Assault Happen at 2:30pm got Forced into my Cell #307 Throw on the Floor Kicked in my Back, Head, privet area L.T Barnett took On Hand CuFF off and Kicked my in my Face and Sad Report this and I Stoled your F- in T.V What you think about that When you came on lock- up 8-6-12 Sgt. Burnett Hold me down winess the Assault took place and What Was Sad and did not give me no medical Help I have two Black eyes, Speating out Blood, peeing out Blood, Swmillen Face and left Wrist On 12-18-12 I told the ChiF of Soucirty What Happen I got sent up medical to Be Treatend for my Swillin Face Two Black eyes and my injerd leIFt Wrist I have medical Records and I got photo's taken of my injeryes and I Filed a Report Claiming I Was Assaulted By StuFF So it can Be inFestgated L.T Raily Seen the Assault that Acerd on In B-Building at 2:30pm on Video Tape and capt. Mc Donald Seen the Video Tape of the Assault that Acerd Between 3-4:00pm In the property Room area On 12-19-12 I Filed my A.R.P #2388-12 Claiming I Was Assaulted By StuFF and For it to Be inFestgated There's Video Tapes, medical Report, Photos of my injeryes When I Filed the report on 12-18-12 it got inFestgated But why not my A.R.P and Where is my proof of Evidence I Were can all the Video's Tapes on 12-17-12 can Be the medical Records are in medical and Where's the photo's that Were Taken of my injeryes I will like For the Evidence To Be Force So you and the harden can See What I Been Threw Im in Fear For my SaFety With the officers That assaults 24-7 Im Being Treanted unFare Becawe no one is Helping me please Help me By makeing sure the Evidence Be Force

_____          _____          366-104
      1-7-13
       Date              Inmates Name: Print and Signature          DOC #

CASE NO. **JCI 2388-12**    INMATE NAME: **Michael Oakes**    DOC#: **366-104**

MARYLAND DIVISION OF CORRECTION
REQUEST FOR ADMINISTRATIVE REMEDY

## Part B – Response

Your request for administrative remedy has been investigated and was found to be without merit and is hereby **DISMISSED.** There is no evidence to substantiate your claim that you were assaulted by staff on December 17, 2012. As such no further action will be taken.

_2-4-13_
Date

_[signature]_
Signature of Warden



## Department of Public Safety and Correctional Services

### Inmate Grievance Office

115 SUDBROOK LANE • SUITE 200 • SUDBROOK STATION • PIKESVILLE, MARYLAND 21208-3878
410-585-3840 • FAX: 410-318-6015 • V/ TTY USERS: 800-735-2258 • www.dpscs.state.md.us

STATE OF MARYLAND

MARTIN O'MALLEY
GOVERNOR

ANTHONY G. BROWN
LT. GOVERNOR

GARY D. MAYNARD
SECRETARY

G. LAWRENCE FRANKLIN
DEPUTY SECRETARY

RHEA L. HARRIS
ASSISTANT SECRETARY/
CHIEF OF STAFF

SCOTT S. OAKLEY
EXECUTIVE DIRECTOR

May 7, 2013

Michael Oakes, #366104
JCI

RE:  IGO No. 20130602

Dear Mr. Oakes:

      I have conducted a preliminary review of your grievance received April 9, 2013 as an "appeal" from the disposition of ARP-JCI-0173-13.  In essence, you complain in your original ARP complaint to the Warden that you were assaulted by officers on December 17, 2012.

      Md. Code Ann. Corr. Serv. §10-206(b) provides that the Inmate Grievance Office ("IGO") can require by regulation that the ARP process be exhausted before a grievance is submitted to the IGO, and COMAR 12.07.01.05(E) is the regulation by which the IGO imposes this requirement.  The U.S. Supreme Court recently determined that the term "exhaustion" as used in administrative law means "proper exhaustion," and proper exhaustion means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 126 S.Ct. 2378 (2006); *see also Moore v. Bennette*, 517 F.3d 717 (4th Cir. 2008).

      COMAR 12.07.01.04(B)(9)(a) requires that you demonstrate exhaustion of the ARP process by submitting, with your grievance at the outset of the grievance process, all related ARP paperwork.  COMAR 12.07.01.06(B)(4) provides that a grievance <u>shall</u> be dismissed on preliminary review as wholly lacking in merit if the grievant did not properly exhaust remedies available under the ARP process and if the exhaustion requirement has not been waived for good cause shown. *See* COMAR 12.07.01.05(F).

      In order for this Office to determine whether you have properly exhausted an available ARP remedy, whether you have timely filed this grievance, and whether you have stated a claim upon which administrative relief can and should be granted, we require that you provide copies of all related ARP paperwork pertaining to this grievance, including your ARP complaint to the Warden, any receipt from the Warden, any response of the Warden, any appeal to the

Page 2
Michael Oakes, #366104
IGO No. 20130602
May 7, 2013

Commissioner, any receipt from the Commissioner, and any response of the Commissioner, all as required by COMAR 12.07.01.04(B)(9). I note that your original ARP complaint to the Warden was dismissed as repetitive to ARP-JCI-2388-12. In order to determine whether that basis for dismissal of ARP-JCI-0173-13 had validity, I will require that you provide all paperwork pertaining to ARP-JCI-2388-12. COMAR 12.07.01.03(B)(6).

Please provide a copy of this ARP paperwork within 30 days of the date of this letter. If we have not received a copy of this paperwork within the next 30 days, your grievance will be dismissed pursuant to Md. Code Ann. Corr. Serv. §10-207(b)(1) as having been determined to be, on its face, wholly lacking in merit, without further notice to you.

Very truly yours,

Paula R. Williams
Associate Director

PRW:tbb

**MICHAEL OAKES, #366104**               *    **IN THE**

    v.                                       *    **INMATE GRIEVANCE OFFICE**

**MARYLAND**                                *
**DIVISION OF CORRECTION**                        **IGO No. 20130561**
\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### SUPPLEMENTAL PREHEARING ORDER

1. This will respond to Grievant's undated letter received June 26, 2013.

2. To the extent that Grievant has requested that Lt. Barnett and Lt. Stone be present and available at the hearing as witnesses, Grievant's request is granted.

3. To the extent that Grievant has requested that Lt. Uwala, Sgt. Lane, and Sgt. Masson be present and available at the hearing as witnesses, Grievant's request is denied for Grievant's failure to include a statement or "proffer" of the relevant testimony each witness is reasonably expected to give, as required by Paragraph 7 of the original Prehearing Order, and because their relevant testimony would, presumably, be unduly duplicative and repetitive of that of Lt. Barnett and Lt. Stone. *(not present)*

4. Grievant's request that a video recording of the incident from a hand held camera operated by Lt. Stone be present and available at the hearing is granted, to the extent that any such video recording exists.

5. Grievant's request that video surveillance recordings "in property," "of the loading dock," "of the compound," "on C-Wing," "going to [his] cell," "B-Building," and "C-Wing" be present and available at the hearing is denied as overbroad and unduly vague, and as unduly duplicative and repetitive of any video recording from a hand held camera operated by Lt. Stone.

6. Grievant's request that "photos of [his] injured face" and his medical records for December 18, 2012, be present and available at the hearing is granted.

DATED: June 28, 2013          BY: _____

                              Scott S. Oakley, Executive Director
                              Inmate Grievance Office

COPIES TO:    Inmate Grievance Coordinator, DOC HQ
                Inmate Grievance Coordinator, JCI
                Michael Oakes, #366104, JCI

1

MICHAEL OAKES, #366104     *     **IN THE**

     v.               *     **INMATE GRIEVANCE OFFICE**

**MARYLAND
DIVISION OF CORRECTION**       *     **IGO NO. 20130561**

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## NOTICE OF HEARING

This case is **rescheduled** to be heard by an Administrative Law Judge of the Office of Administrative Hearings at 9:00 a.m. on September 10, 2013 at JCI. Any request for a postponement, representative, witness, document, or record must be made in accordance with the Prehearing Order issued in this case.

DATED: July 12, 2013        BY: _Marci L. Jones_

                              Marci L. Jones, Administrative Aide
                              Inmate Grievance Office

COPIES TO:   Theresa Prosper, Inmate Grievance Coordinator, DOC HQ
               Inmate Grievance Coordinator, JCI
        ✓   Michael Oakes, #366104, JCI

## Further Correspondence With IGO

14. Any further correspondence with the IGO concerning this grievance, including any request for a representative, witness, document, record, postponement or accommodation, must include the IGO case number appearing in the caption of this Prehearing Order and must be submitted so that it is received by the IGO at least 14 days prior to the date of the hearing.. Any correspondence that does not include this IGO case number may be disregarded. Payment for any copies requested from the IGO (at the rate of $.50 per page) must be received by the IGO at least 14 days prior to the date of the hearing. Any correspondence received before the IGO file is forwarded to OAH will be in the file. Any correspondence received after the IGO file is forwarded to OAH (normally 5-9 days prior to the date of the hearing) will be held by the IGO pending the return of the IGO file following the hearing and decision of the ALJ.

DATED: May 2, 2013            BY: _____

Scott S. Oakley, Executive Director
Inmate Grievance Office

COPIES TO:    Inmate Grievance Coordinator, DOC HQ
Inmate Grievance Coordinator, JCI
Michael Oakes, #366104, JCI

4

*Kerby*, 936 F.2d 1102, 1104 (10th Cir. 1991). Any request for such a witness must be received by the IGO at least 14 days prior to the date of the hearing, must reasonably identify the witness, must include a statement or "proffer" of the relevant testimony the witness is reasonably expected to give, and must include a statement or proffer of the competence of the witness to so testify, if the competence of the witness is not readily apparent. Any previous request for such a witness is denied without prejudice except to the extent specifically addressed here. A failure to request a witness in accordance with the above may be deemed a waiver of the Grievant's limited right to the witness.

### Grievant Request for Documents, Records, or Physical Evidence

8. The Director will arrange for the presence at the hearing of any document, record or item of physical evidence in the custody of the DPSCS requested by the Grievant that is found by the Director to be competent and relevant and not unduly repetitious of other evidence in the determination of the merits of the grievance, subject to further ruling by the ALJ. COMAR 12.07.01.03(B)(5); COMAR 12.07.01.07(C)(3). A request for a document, record, or item of physical evidence must be received by the IGO at least 14 days prior to the date of the hearing, must reasonably identify the document, record, or item requested, and must include a brief explanation of the relevance of the document, record, or item if its relevance is not readily apparent. A sensitive document or record otherwise unavailable to the Grievant under the Maryland Public Information Act, or a sensitive item of physical evidence, may be withheld by the DOC if approved by the Warden in a writing provided to the ALJ by the DOC's representative. Md. Code Ann. Corr. Serv. §10-208(b). Any previous request for a document, record, or item of physical evidence is denied without prejudice except to the extent specifically addressed here. A failure to request a document, record, or physical evidence in accordance with the above may be deemed a waiver of the Grievant's limited right to same.

### Prehearing Discovery

9. Prehearing discovery procedures will not apply to these proceedings. COMAR 12.07.01.07(B).

### Request for Postponement

10. Any request to the IGO for a postponement of the hearing must include adequate justification and must be received by the IGO at least 14 days prior to the date of the hearing. Otherwise, a request for postponement should be addressed to the OAH. COMAR 28.02.01.25.

### Request for Accommodation

11. Any request for the accommodation of a disability or impairment must be accompanied by medical or other documentation of the disability or impairment.

### Submission of Evidence

12. Evidence should be fully submitted before the conclusion of the hearing. Consideration of evidence submitted after the conclusion of the hearing is subject to the discretion of the ALJ.

### Final Decision and Order

13. A final Decision and Order issued by the ALJ should normally be issued within 90 days after the close of the evidence, which usually occurs at the end of the hearing. A final Decision and Order issued by the Secretary should normally be issued within 120 days after the close of the evidence.

included in the summary.  Any failure to submit such a challenge may be deemed a waiver of any right to challenge this summary.

## Notice of Hearing

4.  The IGO will issue a Notice of Hearing when a hearing is scheduled.   The IGO will forward the grievance file to the OAH 5-9 days prior to the date of the hearing.  For this reason any letter, document, or other paper to be submitted to the IGO for consideration prior to or at the hearing must be submitted so that it is received by the IGO at least 14 days prior to the date of the hearing.

## Submission of Records by DOC Representative

5.  The DOC's representative will submit to the IGO any ARP paperwork, inmate records, institutional reports or records, or institutional policies or procedures pertaining to the grievance as summarized above, so that they are received by the IGO at least 14 days prior to the date of the hearing. COMAR 12.07.01.03(B)(5).  The DOC's representative will also ensure that the Grievant's complete basefile is available at the hearing. COMAR 12.07.01.03(B)(5).

## Grievant Request for Inmate Representative

6.  The Director will arrange for the presence at the hearing of an inmate representative requested by the Grievant who is confined in the same facility (but not in segregation) at the time of the request and the time of the hearing, subject to any security, availability, or other issue presented and explained at the hearing by the DOC representative and subject to further ruling by the ALJ. COMAR 12.07.01.03(B)(7); COMAR 12.07.01.07(C)(1). Any such request for an inmate representative must include the inmate's DOC # and be received by the IGO at least 14 days prior to the date of the hearing.  The granting of such a request requires only that the inmate representative be present and available to represent the Grievant at the hearing; it does not require that Patuxent or DOC staff make any special arrangements for, or otherwise permit, the Grievant and inmate representative to meet, exchange papers, or otherwise communicate in advance of the hearing.  The Grievant should therefore select an inmate representative to whom the Grievant has, or will have, routine access prior to the hearing.  The IGO will not communicate with or entertain communications from an inmate representative or other third party except an attorney.  Any previous request for an inmate representative is denied without prejudice except to the extent specifically addressed here.  A failure to request an inmate representative in accordance with the above may be deemed a waiver of the Grievant's limited right to same.

## Grievant Request for Witness

7.  The Director will arrange for the presence at the hearing of any DOC inmate or DPSCS employee witness requested by the Grievant who is preliminarily determined by the Director to have competent and relevant testimony that is not unduly cumulative or repetitive, subject to any security, availability, or other issue presented and explained at the hearing by the DOC representative and subject to further ruling by the ALJ. COMAR 12.07.01.03(B)(7); COMAR 12.07.01.07(C)(2).  The Grievant's right to call such a witness at the hearing is circumscribed by competing concerns for institutional safety and other correctional goals, and the presence of a requested witness may be refused when it creates the risk that the witness will be harassed or authority undermined. *See Ponte v. Real*, 471 U.S. 491 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974); *Baxter v. Palmigiano*, 425 U.S. 308, 321 (1976); *Ramer v.*

2

MICHAEL OAKES, #366104        *    IN THE

      v.                    *    INMATE GRIEVANCE OFFICE

MARYLAND                 *
DIVISION OF CORRECTION         IGO No. 20130561

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## PREHEARING ORDER

     1. On April 1, 2013, Michael Oakes, #366104 ("Grievant") filed this grievance with the Inmate Grievance Office ("IGO"). This grievance will be referred to the Office of Administrative Hearings ("OAH") for a hearing before an Administrative Law Judge ("ALJ"). Md. Code Ann. Corr. Serv. §10-207(c); COMAR 12.07.01.03(B)(8). The hearing may be conducted by the ALJ in person or by video conferencing. COMAR 28.02.01.17(C).

### Grievant's Rights, Generally

     2. The Grievant will have the right at that hearing to (a) appear and be represented by an attorney at the Grievant's expense; (b) call a reasonable number of witnesses depending upon the circumstances and the nature of the complaint, subject to limitation(s) imposed by the Executive Director ("Director") of the IGO and/or the ALJ based upon the relevance of the expected testimony and the number of witnesses requested; and (c) a reasonable opportunity to question any witness who testifies. Md. Code Ann. Corr. Serv. §10-208(d); COMAR 12.07.01.03(B)(7); COMAR 12.07.01.07(C)(1), (2). These rights may not be unreasonably withheld or restricted by the Director or ALJ. Md. Code Ann. Corr. Serv. §10-208(d)(3).

### Summary of Grievance

     3. The following is a summary of the grievance specifying the nature and scope of the grievance, any pertinent procedural history, and any issue or claim to be specifically considered at the hearing:

     **This grievance is an "appeal" from the disposition of ARP-JCI-2388-12, which is incorporated by reference herein. In essence, the Grievant complains that at approximately 3-4pm on December 17, 2013, in a property room area at JCI, Lt. Barnett grabbed him from behind, forced him to the ground, kicked him in the face, back, head and "privet area," continued to assault him as he escorted him to his cell, and in his cell kicked him in the face back, head and "privet area."**

COMAR 12.07.01.03(B)(4). Any issue or claim that has not been included in this summary has been administratively dismissed by the Director for the Grievant's failure timely and properly to exhaust the Administrative Remedy Procedure ("ARP") by including it in the original ARP complaint to the Warden or Commissioner, or for the Grievant's failure to state a claim upon which administrative relief can and should be granted. The ALJ may further consider and rule upon this dismissal at the request of the Grievant. To the extent that any issue or claim included in this summary is subject to the ARP exhaustion requirement, it has been determined by the Director for the purposes of preliminary review only that the ARP process has been timely and properly exhausted. The ALJ may further consider and rule upon the exhaustion of the ARP process at the request of the representative of the Division of Correction ("DOC"). Any challenge by the Grievant to this summary of the grievance must be received by the IGO at least 14 days prior to the date of the hearing and must clearly and briefly specify what should or should not be

**MICHAEL OAKES, #366104**       \*    **IN THE**

       v.                       \*    **INMATE GRIEVANCE OFFICE**

**MARYLAND**                \*
**DIVISION OF CORRECTION**        **IGO No. 20130561**

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## SECOND SUPPLEMENTAL PREHEARING ORDER

1. This will respond to Grievant's LETTER DATED August 20, 2013.

2. Grievant's request that inmate Robert Ireland, #212233, be present and available at the hearing as his representative is granted.

3. Grievant's repeated request that multiple video surveillance recordings from various areas of the institution for a 90 minute period of time be present and available at the hearing is again denied as overbroad and unduly vague, and as unduly duplicative and repetitive of any video recording from a hand held camera operated by Lt. Stone.

4. Grievant's repeated request that Lt. Uwala and Sgt. Masson be present and available at the hearing as witnesses is again denied for Grievant's failure to include a statement or "proffer" of the relevant testimony each witness is reasonably expected to give, as required by Paragraph 7 of the original Prehearing Order, and because their relevant testimony would, presumably, be unduly duplicative and repetitive of that of Lt. Barnett and Lt. Stone.

5. Grievant's request that DCD 110-23, "Use of Force Manual," be present and available at the hearing is granted. To the extent that Grievant has requested that DCD 50-2, "Standards of Conduct," be present and available at the hearing, Grievant's request is denied on the basis of relevance.

DATED: September 3, 2013        BY: _____

                               Scott S. Oakley, Executive Director
                               Inmate Grievance Office

COPIES TO:     Inmate Grievance Coordinator, DOC HQ
                     Inmate Grievance Coordinator, JCI
                     Michael Oakes, #366104, JCI

MICHAEL OAKES, #366104          *        IN THE

     v.                              *        INMATE GRIEVANCE OFFICE

MARYLAND                         *
DIVISION OF CORRECTION                    IGO NO. 20130561
*      *      *      *      *      *      *      *      *      *      *      *

## NOTICE OF HEARING

    This case is **rescheduled** to be heard by an Administrative Law Judge of the Office of

Administrative Hearings at 9:00 a.m. on October 16, 2013 at JCI.  Any request for a

postponement, representative, witness, document, or record must be made in accordance with the

Prehearing Order issued in this case.

DATED: September 13, 2013          BY: _Marci L. Jones_

                               Marci L. Jones, Administrative Aide
                               Inmate Grievance Office

COPIES TO:   Theresa Prosper, Inmate Grievance Coordinator, DOC HQ
               Inmate Grievance Coordinator, JCI
       ✓   Michael Oakes, #366104, JCI

MICHAEL OAKES, #366104      *     IN THE

v.                     *     INMATE GRIEVANCE OFFICE

MARYLAND
DIVISION OF CORRECTION      *     IGO NO. 20130561

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## NOTICE OF HEARING

This case is scheduled to be heard by an Administrative Law Judge of the Office of Administrative Hearings at 9:00 a.m. on July 9, 2013 at JCI. Any request for a postponement, representative, witness, document, or record must be made in accordance with the Prehearing Order issued in this case.

DATED: May 2, 2013     BY: _Marci L. Jones_

                        Marci L. Jones, Administrative Aide
                        Inmate Grievance Office

COPIES TO:   Theresa Prosper, Inmate Grievance Coordinator, DOC HQ
            Inmate Grievance Coordinator, JCI
            Michael Oakes, #366104, JCI

CASE NO._____                                    Appendix 6 to DCD 185-002

### MARYLAND DIVISION OF CORRECTION
### HEADQUARTERS APPEAL OF
### ADMINISTRATIVE REMEDY RESPONSE

(Instruction for completing this form are on the back)

TO:        ☐ Commissioner of Correction... Appeal of (check one):    ☑ Dismissal for Procedural Reasons
                                                                     ☐ Warden's Response
                                                                     ☐ No Response from Warden

           ☑ Executive Director: Inmate Grievance Office

FROM: _Oakes_____ _Michael_____ _R_____    _366-104_____    _J.C.I_____
         Last Name    First Name   Middle Initial   DOC Number        Institution

Housing Location _B-B-602_   Protective Custody ☐   Administrative Segregation ☐   Disciplinary Segregation ☑

---

**Part A – REASON FOR APPEAL**

Im Appealing A.R.P # 0173-13 Do To No Response From the Commissioner of Correction Michael J. Stuffer On 12-17-12 a T 2:30pm In B-Building on C-Wing C.O Raji Grab My Left Wrist got in my Face Im Hand Cuff From the Back the Hole Time I can't do nothing while my Wing officer Olawole Boyde Talking To me C.O Raji Grab me By my left Arm Throw me Into my Wing officer And Raji Throw me I Hit the Side of My Face

_4-9-13_                                    _Michael Oakes_
Date                                        Signature of Inmate

---

**Part B – RESPONSE**




_____                          _____
Date                                       Signature of Commissioner

You may appeal this response by following the procedure prescribed on the back of this form.

---

**Part C – RECEIPT**                    Case No._____

RETURN TO: _____ _____ _____    _____    _____
              Last Name    First Name   Middle Initial   DOC Number        Institution

I acknowledge receipt of your complaint dated _____ in regard to: _____

_____

_____

_____

_____                          _____
Date                                       Headquarters Coordinator

DOC Form 185-002fR (Rev. 07/08)

## Part A (Continued) – REASON FOR APPEAL

And My nose on the ground And Raji Took his Right Arm on the Back of My neck to Where the Side of My Face press agaist the ground and I have a Bruse on the Side of my Face and my nose was Bleeding And while he was on Top of Me He Twisted my left wrist And pull it up for as he Can up the middle of my Back and put me in a Arm lock So I Can't move And My wrist is Being Twisted I'm kicking In pain Than My wrist made a Crack Sound my wrist was Swallin And my nose Was Swalling and Bleeding L-t Riley. and other C.O's Came to get C/O Raji off of me On 12-18-12. I want to medical I Seen P.A Moss About my Wrist Injery my nose Bleeding and the Bruse on the Side of my Face I have Photos Taken of my Face And I have Medical Reports to prove and Video Tapes Also to prove I was Assualted By C/O Raji and the Warden Jhon Wolf DISMISSED my A.R.P do to In Error. I will like all Video Tapes at 2:30pm I-18-Building On C-Wing When C/O Raji Assaulted me. All Photos Of My Face Injerys that was Taken On 12-18-12 In medical And All My Medical Reports By P.A Moss On 12-18-12. ✓

4-18-13
Date

Michael Dukes Michael Dukes 366-104
Inmates Name: Print and Signature        DOC #

CASE NO. **JCI 0173-13**   INMATE NAME: **Michael Oakes**   DOC#: **366-104**

MARYLAND DIVISION OF CORRECTION
REQUEST FOR ADMINISTRATIVE REMEDY

## Part B — Response

Your request for administrative remedy has been **DISMISSED**. This case was accepted in error. The DPSCS Internal Investigation Unit is investigating your complaint (IIU Case #: 12-35-01599). This case is also repetitive to JCI 2388-12.   As such no further action will be taken by Jessup Correctional Institution regarding this complaint

___2/26/13___
Date

_John S Wolfe_
Signature of Warden

For Appeal
**Part A (Continued) – INMATE REQUEST**

I Hit the Side of my Face and my nose on the ground And Raji Took his Right Arm on the Back of my neck to where the Side of my Face press against the ground and I have me. He Twist my left wrist and pull it up far as he can way up the middle of my. Back and put me in a Arm lock So I Can't Move and my wrist is Being Twisted I'm Kicking In pain Then my wrist made a "Crack" Sound my wrist Was Swelling And my nose was Swollin and Bleeding Lt. Riley and other C.O.s Come to get Raji off Of me. Lt Riley Send me up medical But I didn't get Seen Because There were no PA I'm And I didn't get Seen at all on 12-17-12 By medical On 12-18-12 I went to medical I Seen PA Moss About my wrist Injury my nose Bleeding and the Bruise on my Face And I Have Photos Taken of my Face And I have medical Reports on File To prove I Was Assaulted By Raji and I have the paper work From PA moss States Clear I have a left Wrist Injury That Occured on 12-17-12 And Its inside the Controll Center in my Houseing unit So I Can be Hand Cuff From the front at all Time All the C.O's see my paper work and All the C.O's Seen my face After I got Assaulted and the C.O's Know Raji The Co who Did It. And He's Been my wing officer on numerous Occasions So why when I put in my A.R.P #0173-13 On 1-15-13 I didn't get properly Investigated So where are the medical Reports and photos of my injury To prove my claim I I Took on 12-18-12 And why So long for a Response? AS A Inmate is that my Right to get my A.R.P properley Invistigated When Its A Continued Threat to my Safety and Health And It Is OK for the So to be Around the Inmate After He got Assaulted But when a Inmate have proof That He was Assaulted I I don't get Investigated And That's a Continued Threat to my Safety and Heath I'm Being Discriminated By P.Smith the A.R.P Head quarters Coordinator And I will like for my A.R.P # 0173-13 to be properly Investigated Force the Evidence to prove my Claim I was Assaulted By Staff and on 1-7-13 The Internal Investigation unit Investigated the Assault and It was proven By medical Reports, photos of my Injury and video Tapes So where Were the medical Reports, and Photo of my injury when I put My A.R.P In on 1-15-13 On 3-4-13 My A.R.P got Dismissed Do to A Error There's No Error About Being Assaulted

__3-4-13__
Date

Michael Oakes   _Michael Oakes_   366-104
Inmate's Name: Print and Signature   DOC #

CASE NO._____                                              Appendix 6 to DCD 185-002

## MARYLAND DIVISION OF CORRECTION
## HEADQUARTERS APPEAL OF
## ADMINISTRATIVE REMEDY RESPONSE
### (Instruction for completing this form are on the back)

TO:        ☑ Commissioner of Correction... Appeal of (check one):        ☐ Dismissal for Procedural Reasons
                                                                          ☑ Warden's Response
                                                                          ☐ No Response from Warden

           ☐ Executive Director: Inmate Grievance Office

FROM: __Oakes__  __Michael__  __P__   __766-104__        __J.C.I__
        Last Name    First Name   Middle Initial    DOC Number        Institution

Housing Location __B-B-602__   Protective Custody ☐   Administrative Segregation ☐   Disciplinary Segregation ☑

---

### Part A – REASON FOR APPEAL

I'm Appealing My A.R.P #0173-13 Do To the warden Jhon Wolf Respose Claims there no
Evidence of me Being Assaulted By Staff, On 12-17-12 at 2:30pm In B-Building C.o
Mibau Raji Came to C-Wing He graB My left Wrist got in My Face I'm Hand Cuff from
the Back the hole Time I can't do nothing while My Wing C.o Olawole Boyde Was Talking
to Me and Raji GraB Me By My left Arm Throw me In to My Wing C.o And Raji Throw me
on the ground

__3-11-13__                                          __Michael Oakes__
   Date                                               Signature of Inmate

---

### Part B – RESPONSE

<br><br><br><br>

_____                              _____
     Date                                      Signature of Commissioner

You may appeal this response by following the procedure prescribed on the back of this form.

### Part C – RECEIPT          Case No._____

RETURN TO: _____          _____  _____
            Last Name   First Name   Middle Initial              DOC Number        Institution

I acknowledge receipt of your complaint dated _____ in regard to: _____

_____

_____

_____                              _____
     Date                                      Headquarters Coordinator

DOC Form 185-002fR (Rev. 07/08)

Appendix 3 to DCD 185-002

Officer's Name: Print and Signature                     Date

CASE NO. _____

JCI 0173-13

**MARYLAND DIVISION OF CORRECTION**
**REQUEST FOR ADMINISTRATIVE REMEDY**
(Instructions for completing this form are on the back)

JCI

TO: ☑ Warden of Institution

Emergency Request: ☑ Check only if your complaint poses a continued threat to your health, safety, or welfare.

FROM: Oakes    Michael    R    366-104    J.C.I
      Last Name   First Name   Middle Initial   DOC Number   Institution

Housing Location  B-B-C602 ·   Protective Custody ☐   Administrative Segregation ☐   Disciplinary Segregation ☑

**Part A – INMATE REQUEST**

On 12-17-12 AT 2:30 PM C.o Misbau Raji Came to C-Wing grab me Throw me into my Wing officer Olawole Boyde While I was talking to Him And than He Throw me on the ground I Hit the Sid of my Face I Have a Bruse I was Hand cuff From the Back He it up Face as He Can to my Back And my nose was Bleeding I have photo's Taken of my Face on 12-18-12. And I want the camra To show He Assaulted me

Date  1-15-13      Video          Signature of Inmate  Michael L Oakes

**Part B – RESPONSE**

— SEE attached —

Date                          Signature of Warden

You may appeal this response by following the procedure prescribed on the back of this form.

**Part C – RECEIPT**                    Case No. JCI 0173-13

RETURN TO: Oakes    Michael                  366-104         JCI
          Last Name   First Name   Middle Initial     DOC Number      Institution

I acknowledge receipt of your complaint dated  1/15/3  in regard to: Staff Conduct (assualts)

1/28/13
Date                          Institutional ARP Coordinator

Original: White – Institutional ARP Coordinator
Copy:    Canary - Inmate

DOC Form 185-002c (Rev. 7/08)

JCI

**Part A (Continued) – INMATE REQUEST** Appeal

My left wrist and pull it up for as He can up the middle of my Back put me in a Armlock I can't move my wrist is Being Twisted I'm kicking in pain Than my Left wrist made a "Crack Sound" my wrist is Swallin, nose Bleeding, and a Bruse on my Face. I went up medical From B-Building To the Back Door of property and Between 3:00-4:00 p.m L.T Burnett, Lt uWala, Sgt Jones, Sgt Masson, Sgt Burnett, and L.T Stone She had a video Camera In the property Room area I DON'T know who Grab me From Be hide I was also Had Cuff From Behind the Hole Time the officer Twist my left wrist and put me in a Arm lock L.T Barnett I was Assaulted By C.O Raji I Could not See medical at that Time I'm Trying to put in a Report In medical Report the Assault L.T Burnett Grabs me I'm in pain Force me in the Back of property were We came in at L.T Burnett Sad Theres no Cameras Back I'm Trying to Fight my way out Force me on the ground Face For ward L.T Barnett and L.T uWala kick me numerous Times. In my Face, Head, Back, and privet Area L.T Barnett Sad I love this shit get up kick me again in my Face I Heard This is what We do who wants medical action L.T uWala grab my hair to get me up L.T Barnett Sad I Stole your F-in T.V L.T uWala Grab my hair and L.T Barnett had my Wrist in a lock and pulled up in the middle of my Back on the way out From property To the Compound To B-Building to C-Wing In my Cell # 307 I got Hit in my Face and Head By Doors, Fances, and walls Force Walking hair pulled and wrist up the middle of my Back I got to B-Building As soon As I got in Sgt. Burnett Came and when I got in my Cell # 307 on C-wing Sgt. Burnett Hold me Down When L.T Barnett kick me Down took I Hand Cuff off Stump on my left wrist and kick me in my Face Sgt. Burnett keft me laying on the flour In pain Blood every were I'm Bleeding Specting out Boid, Peeing out Blood Swallin wrist, Ankle, and two Black eye's and Swallin Face on 12-18-12 the Chief of Secousty Seen me Sent me up medical I got a medical Report By P.A Miss, Photos Taken of my Face injery And Capt. McDonald Seen the video tapes of the Assault. The Warden Jhon Wolf Dismissed my A.R.P Do to No Evidence, I will like all video Tapes of the property Room, Compound, B-Building From 2130- to 4800 m Photos and medical Reports on 12-18-13 and L.T Stone little camera

| | |
|---|---|
| 5-28-13 | Michael Oakes Michael Oakes 366-104 |
| Date | Inmate's Name: Print and Signature    DOC # |

CASE NO. _____

Appendix 6 to DCD 185-002

## MARYLAND DIVISION OF CORRECTION
## HEADQUARTERS APPEAL OF
## ADMINISTRATIVE REMEDY RESPONSE
(Instructions for completing this form are on the back)

TO:  ☐ Commissioner of Correction... Appeal of (check one):   ☑ Dismissal for Procedural Reasons
                                                               ☐ Warden's Response
                                                               ☐ No Response from Warden

☑ Executive Director: Inmate Grievance Office

FROM: _Dukes___ _Michael___ _R___ _366-104___ _J.C.I___
         Last Name    First Name   Middle Initial   DOC Number      Institution

Housing Location _B-B-602_   Protective Custody ☐   Administrative Segregation ☐   Disciplinary Segregation ☑

---

### Part A – REASON FOR APPEAL

I'm Appealing A.R.P # 2388-12 Do to No Response From the Commissioner of Correction J.
Michael Stuffer On 12-17-12 Between 2:30 - 4:00 p.m AT 2:30 p.m In B Building on C-Wing
Co Mis Bau Raji Grab My Left Wrist got in My Face I'm Hand Cuff From the Back the Hole Time
In to My Wing officer Dia Wolf Boyde was Talking To Me Co Raji Grab Me By My Left Arm Throw Me
Have a Bruise and Raji Took is his Right Arm put it on the Back ut my neck My Face press
agnist the ground My nose was Bleeding and Swollin and while He was on Top of me He Twisted

_3-28-13_
Date                                              _Michael Dukes_
                                                  Signature of Inmate

---

### Part B – RESPONSE

_____
Date                                              _____
                                                  Signature of Commissioner

You may appeal this response by following the procedure prescribed on the back of this form.

---

### Part C – RECEIPT          Case No. _____

RETURN TO: _____
            Last Name    First Name   Middle Initial        DOC Number      Institution

I acknowledge receipt of your complaint dated _____ in regard to: _____

_____

_____

_____
Date                                              _____
                                                  Headquarters Coordinator

DOC Form 185-002fR (Rev. 07/08)

JCI-2388-12

---

### Part B – Response

After review, it was found that your case was accepted in error.  Your case is being investigated by IIU, case number 12-35-01599.  No further action is warranted through the ARP process.

4/18/2013
Date

Signature of Commissioner

---

You may appeal this response by following the procedure prescribed on the back of this form.

AR 3/26/13

---

PATIENT:                MICHAEL OAKES
DATE OF BIRTH:          12/11/1981
DATE:                   03/21/2013 8:47 PM
VISIT TYPE:             Provider Visit-unscheduled

---

### Reason(s) for visit
This is a 31y/o male came c/o urinating blood x 2 days. He said he has some pain on the rt CVA area for the same duration. Denies any n/v, dizziness, sob, cp

### Chronic Problems
Hepatitis C Carrier
Skin Disorder Nos

### Allergies:

| Allergen/Ingredient | Brand | Reaction: |
|---|---|---|
| Lanolin Alcohols | | |
| Penicillin G | | |
| Corn/callus Cushion | | |
| Corn/callus Cushion | | |
| Penicillins | | Hives |
| Penicillins | | Hives |

The patient is a non-smoker.

### Physical exam
**Constitutional:** No apparent distress.  Well nourished and well developed.
Conjuctiva: pink
**Respiratory:** Normal to inspection.  Lungs clear to auscultation and percussion.
**Cardiovascular:**
mild  tachycardia
**Abdomen:** Soft, non-tender, without organomegaly or masses.
**Genitourinary:** no CVA tenderness.  Normal external genitalia, cercumsized
**Extremities:** Extremities appear normal.  No edema or cyanosis.

### Medications new, active or stopped this visit:

| Brand Name | Dose | Sig Codes | Start Date | Stop Date |
|---|---|---|---|---|
| Triamcinolone Acetonide | 0.1 % | topical TID | 03/06/2013 | 04/06/2013 |
| A & D | | as needed | 03/06/2013 | 04/06/2013 |
| Triamcinolone Acetonide | 0.5 % | topical BID | 03/05/2013 | 04/05/2013 |
| Fish Oil Concentrate | 1,000 Mg | 1 PO BID | 01/26/2013 | 05/26/2013 |
| Ribasphere | 600 Mg | Tab 1 PO BID | 11/21/2012 | 10/25/2013 |
| Pegasys | 180 Mcg/ml | 1 ml inj SQ wkly | 11/21/2012 | 10/25/2013 |

U/A DIP STICK: NEGAVIVE FOR BLOOD OR LEUKOCYTE ESTERASE, NO PROTIEN UREA NOTED

A/P: ?? hematourea
  — will send CBC and Chem 7 in am
  -- f/u with PCP in 1-2 days after blood work

| | |
|---|---|
| PATIENT: | MICHAEL OAKES |
| DATE OF BIRTH: | 12/11/1981 |
| DATE: | 01/08/2013 9:50 AM |
| VISIT TYPE: | Provider Sick Call |

**Reason(s) for visit**
**1. Wrist pain**   F/U to L wrist injury that occured 12/17/12, still compalints of pain on movement

**Chronic Problems**
Hepatitis C Carrier
Skin Disorder Nos

**Allergies:**

| Allergen/Ingredient | Brand | Reaction: |
|---|---|---|
| Lanolin Alcohols | | |
| Penicillin G | | |
| Corn/callus Cushion | | |
| Corn/callus Cushion | | |
| Penicillins | | Hives |
| Penicillins | | Hives |

The patient is a non-smoker.
**Review of Systems**
**Constitutional:** No fever, fatigue, or night sweats.

**Vital Signs**

| Time | Ht Ft | Ht In | HeightMethod | Wt Lb | Wt Kg | Weight Context | BMI |
|---|---|---|---|---|---|---|---|
| 9:51 AM | 6.0 | 1.0 | carried forward | 211.0 | | | 27.84 |

| Time | Temp | Route | BP | Position | Site | Method | Cuff | Pulse | Pattern |
|---|---|---|---|---|---|---|---|---|---|
| 9:51 AM | 98.3 | | 110/76 | sitting | | | | 78 | |

| Time | Resp | PulseOx | PulseOxAmb | Timing | PeakFlow | Timing | Method |
|---|---|---|---|---|---|---|---|
| 9:51 AM | 18 | | | | | | |

| Time | PainScore | HAQ Score | FiO2 | L/min | FiO2 Deliv Method |
|---|---|---|---|---|---|
| 9:51 AM | 6/10 | | | | |

**Physical exam**
**Constitutional:** No apparent distress. Well nourished and well developed.
**Musculoskeletal:**
Left hand has tenderness, mild pain w/ motion.

Comments: No neur/vas deficits.

**Medications new, active or stopped this visit:**

| Brand Name | Dose | Sig Codes | Start Date | Stop Date |
|---|---|---|---|---|
| A & D | | as needed | 12/13/2012 | 02/13/2013 |
| Fluocinonide | 0.05 % | topical BID | 12/13/2012 | 01/13/2013 |
| Fish Oil Concentrate | 1,000 Mg | 1 PO BID | 11/26/2012 | 03/26/2013 |

**OFFICE OF INMATE HEALTH SERVICES**

SITE: JCI
COMPLETED BY: **John Moss, PA**     **12/18/2012 1:13 PM**

---

PATIENT:                 MICHAEL OAKES
DATE OF BIRTH:    12/11/1981
DATE:                      12/18/2012 1:13 PM
VISIT TYPE:            Provider Visit-unscheduled

---

**Reason(s) for visit**
**1. Referred by nurse**  States he was assaulted by 4 officers last night, sustained injuries to face, (h/o old fractured nasal bone) ribs, left wrist and right ankle, no h/o LOC

**Chronic Problems**
Hepatitis C Carrier
Skin Disorder Nos

**Allergies:**

| Allergen/Ingredient | Brand | Reaction: |
|---|---|---|
| Lanolin Alcohols | | |
| Penicillin G | | |
| Corn/callus Cushion | | |
| Corn/callus Cushion | | |
| Penicillins | | Hives |
| Penicillins | | Hives |

The patient is a non-smoker.
**Review of Systems**
**Constitutional:** No fever, fatigue, or night sweats.

**Vital Signs**

| Time | Ht Ft | Ht In | HeightMethod | Wt Lb | Wt Kg | Weight Context | BMI |
|---|---|---|---|---|---|---|---|
| 1:14 PM | 6.0 | 1.0 | carried forward | 218.0 | | | 28.76 |

| Time | Temp | Route | BP | Position | Site | Method | Cuff | Pulse | Pattern |
|---|---|---|---|---|---|---|---|---|---|
| 1:14 PM | 97.6 | | 118/64 | sitting | | | | 98 | |

| Time | Resp | PulseOx | PulseOxAmb | Timing | PeakFlow | Timing | Method |
|---|---|---|---|---|---|---|---|
| 1:14 PM | 18 | | | | | | |

**Visual Acuity**
OS 20 / 50
OD 20 / 50
OU 20 / 50

**Physical exam**
**Constitutional:** No apparent distress.  Well nourished and well developed.
**Head / Face:** Normocephalic.
**Eyes:**
Right
redness upper eyelid.
Lids/external:  redness upper lid.
No injection.



STATE
TREASURER
Investing for Maryland's future.

**Nancy K. Kopp**
State Treasurer

**Bernadette T. Benik**
Chief Deputy Treasurer

Michael Oakes #366-104
JCI
C/O 534 House of Corrections Rd.
Jessup, MD 20794

April 23, 2014

RE:   Claim Number: 01MD13TG1636
Claimant: Michael Oakes #366-104
Date of Loss:  December 17, 2012
**Certified – Return Receipt Requested**

Dear Mr. Oakes:

This will acknowledge receipt of your letter submitted by you in reference to above-referenced date of loss.

The Maryland Tort Claims Act (12-106 of the State Government Article) establishes very strict standards under which a claim may be considered by the State Treasurer's Office. In particular, the Maryland Tort Claims Act requires that the claimant must submit a written claim to the State Treasurer's Office **within one year** of the incident.

Since this claim was not filed within the one year period, the claim may not be considered. If you have any questions, please call me at 410-260-7228.

Signed,

David Zehner, Jr.
Claims Supervisor
Insurance Division

LOUIS L. GOLDSTEIN TREASURY BUILDING, 80 CALVERT ST., ROOM 109, ANNAPOLIS, MD 21401
410-260-7533 DIRECT · 800-974-0468 TOLL FREE · 800-735-2258 TTY · 410-260-7160 TREASURER · 410-260-7390 CHIEF DEPUTY TREASURER
410-260-7934 Administration · 410-260-7270 Banking Services · 410-260-7155 Debt Management · 410-260-7684 Insurance · 410-260-7100 Information Technology · 410-260-7120 Investments

*Maryland*
STATE
TREASURER
Investing for Maryland's future.

**Nancy K. Kopp**
State Treasurer

**Bernadette T. Benik**
Chief Deputy Treasurer

## Fax: 410-974-2865

## NOTICE OF CLAIM FORM

DATE:_____

Nancy K. Kopp, Treasurer
Louis L. Goldstein Treasury Building
80 Calvert Street, Room 109
Annapolis, Maryland 21401

RE:   **STATE OF MARYLAND**

Dear Treasurer Kopp:

Please accept this letter as my written notice of claim.  The facts are as follows:

1.    My full name, address and phone number:        (Home#)

       Michael Oakes [366-104]
       JCI/Md Division of CORRECTIONS            (Work#)
       c/o 534 House of Corrections Road
       Jessup, Maryland [20794]

2.    Date & Time of Loss:
       December 5, 2013

3.    Location of Loss:
       JCI

4.    County:
       Anne Arundel

5.      **State Agency involved:**
JCI

6.      **Amount of Damages:**
200 thousand

7.      **Vehicle(Year, Make & Model):**

N/A

8.      **Name, Address, and Phone Number of other persons involved:**

Ofcr. Raji
Md Dept. of Public Safety and Correctional Services

9.      **Description of incident:**
***see attached**

_____                    _____
**Claimant or Representative's Signature**                **Date**

**It is a crime to willfully make a false entry in a public record submitted to the Maryland State Government. A person who commits such an act is subject on conviction to imprisonment not exceeding three years or a fine not exceeding $1000, or both.**

DESCRIPTION OF INCIDENT

On 12-17-2013, Tort Claimant was assaulted by an officer, who at the time, was an employee of Md Division of Corrections. Specifically, said Officer did deliberately and without provocation, physically assault Tort Claimant. Resulting in bodily injury to include swelling and bruising. While in hand cuffs, Tort Claimant was thrown to the floor along with having [His] face pressed down. The assaulting officer with malice and intent, inflicted nose bleeding and Tort Claimant to have blood in [His] urine for a period of days, after the assault.

Tort Claimant, has made several attempts at request the visual evidence to support this claim. But has been prevented from obtaining the evidence, due to the cover-up and protection of the D.O.C. trying to protect the assaulting officer.


By the response of the IGO, dated as December 5, 2013, Officer Raji, did commit the assault and is being indicated as the sole aggressor.



**STATE TREASURER**
Investing for Maryland's future.

**Nancy K. Kopp**
State Treasurer

**Bernadette T. Benik**
Chief Deputy Treasurer

Michael Oakes #366104
P. O. Box 534
Jessup, MD 20794

January 30, 2014

RE:   Claim Number: 01MD13TG1471
      Claimants: Michael Oakes #366104
      **Certified – Return Receipt Requested**

Dear Ms. Oakes:

The Maryland Tort Claims Act (Section 12-101, *et. seq.* of the State Government Article) establishes very strict standards under which a claim may be considered by the State Treasurer. In particular, the Maryland Tort Claims Act requires that the Treasurer may only pay those claims in which the State is determined to be at fault.

Your claim was carefully investigated. As a result of our investigation of the facts and the application of the Maryland Tort Claims Act, we find that the State was not at fault in the incident that you described. In particular, we have determined through our investigation, you did not prove you were assaulted by JCI personnel.

Should you have any questions concerning this matter, please call David Zehner at 410-260-7228 or write the State Treasurer's Office, 80 Calvert Street, Room 109, Annapolis, Maryland 21401.

Very truly yours,

David Zehner, Jr.
Insurance Division

LOUIS L. GOLDSTEIN TREASURY BUILDING, 80 CALVERT ST., ROOM 109, ANNAPOLIS, MD 21401

410-260-7533 DIRECT · 800-974-0468 TOLL FREE · 800-735-2258 TTY · 410-260-7160 TREASURER · 410-260-7390 CHIEF DEPUTY TREASURER

410-260-7934 Administration · 410-260-7270 Banking Services · 410-260-7155 Debt Management · 410-260-7684 Insurance · 410-260-7100 Information Technology · 410-260-7120 Investments



## STATE
## TREASURER
Investing for Maryland's future.

**Nancy K. Kopp**
State Treasurer

**Bernadette T. Benik**
Chief Deputy Treasurer

### Fax: 410-974-2865

### NOTICE OF CLAIM FORM

DATE:_____

Nancy K. Kopp, Treasurer
Louis L. Goldstein Treasury Building
80 Calvert Street, Room 109
Annapolis, Maryland 21401

RE:   <u>STATE OF MARYLAND</u>

**Dear Treasurer Kopp:**

**Please accept this letter as my written notice of claim.  The facts are as follows:**

1.    **My full name, address and phone number:**          (Home#)

        MICHAEL OAKES 366-104                    (Work#)
        P.O. BOX 534
        JESSUP, MARYLAND 20794

2.    **Date & Time of Loss:**

        12/17/2012

3.    **Location of Loss:**
        JESSUS CORRECTIONS INSTITUTION, B- Building

4.    **County:**
        ANNE ARUNDEL

**5.     State Agency Involved:**

Jessup Correctional  Institution/D.P.S.C.S

**6.     Amount of Damages:**   SEE ATTACHED PAPER, for itemized statement

**7.     Vehicle(Year, Make & Model):**  N/A

**8.     Name, Address, and Phone Number of other persons Involved:**
Lt. burnett, Sgt.Mason, Sgt.Lane, Lt.Uwala & Lt.Stone
all assigned to Jessup Correctional Institution

**9.     Description of Incident:**
SEE ATTACHED PAPER, for description of incident

_____                        _____
**Claimant or Representative's Signature**                        **Date**

Any person who knowingly and willfully presents a false or fraudulent claim for payment of a loss or benefit or who knowingly and willfully presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison.

## DESCRIPTION OF INCIDENT

On 12/17/12, Claimant was assaulted by Officers currently employed by the MARYLAND DEPT. OF PUBLIC SAFETY, specifically the Md Division Of Corrections. The assault was unprovoked. Leaving Claimant with physical injuries. Claimant sustained a swollen face, blackened eyes and various cuts, scraped and bruises. While in hand cuffs, Claimant was thrown to the floor, kicked repeatedly to the head, neck and back. The assaulting officers, deliberately with malice and intent, kick the Claimant in the groin area, resulting in the Claimant, urinating blood, for several days. Also, the Claimant suffered a partial temporary, loss of movement, in the left wrist, lasting for several days.

As consequence, of the savage and brutal attack, the Claimant has been experiencing recurring debilitating pain and discomfort. Claimant has made numerous requests of the institutional medical staff, for pain medication and follow up care. However, all attempts have gone without treatment.

Claimant state, that His attackers, were sworn uniformed officers, who damaged Claimants personal property. Those very same officers, did video tape the attack on the Claimant. After several requests for a copy, of the video., the same officers did begin an intimidation campaign against the Claimant.

## AMOUNT OF DAMAGES

$100,000.00 for PAIN and SUFFERING,

$100,000.00 for Punitive and Compensatory Damages,

$250.00 for lost or damaged personal property (t.v., clothes, cd player).

For a total of $200,250.00

AFFIDAVIT IN SUPPORT OF TORT CLAIM FOR PERSONAL INJURY
and LOSS and DAMAGE to PERSONAL PROPERTY

State of Maryland      )
                       )Scilicet
County of Anne Arundel )

"indeed no more than affidavits is necessary
to make a prima facie case," Kis v. U.S.
658 F2d 526, 536 (7th cir. 1981) cert denied,
50 U.S.L.W. 2169, S.Ct. March 1982


THAT I, Michael Oakes, hereinafter "Affiant" a Living Breathing, Flesh and Blood Man, being duly sworn, depose and say that:


THAT, Affiant was savagely attacked, by uniformed officers of the Md D.O.C.,


THAT, Affiant did avail himself of the Administrative remedy procedure and has not been offered any remedy or compensation,


THAT, Affiant did present several sick call, forms in hopes of gaining medical treatment for a injuries suffered, from the attack by the officers,


THAT, Affiant did suffer the loss of personal property, as a result of the attack by the, D.O.C. officers,


THAT, Affiant has and is suffering physical injuries and is experiencing emotion distresses, related to the attack.


Further Affiant Saith Not.

On this day, I, michael Oakes, do hereby express my will, as attested by My Signature attached hereupon.

Respectfully Submitted By,

Michael Oakes

ACKNOWLEDGMENT

On this ___6___ day of _December 2013_ the Man, identified to be

_Michael G Oakes_ did execute this affidavit, before me, a Notary Public.

STANLEY CHUKWU
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires February 22, 2017

_____ Notary Public

My Commission Expires On _FEB 22ND 2017_



Department of Public Safety and Correctional Services

# Public Information Act Request Form

PURSUANT TO STATE GOVERNMENT ARTICLE, SECTION 10-614, OF THE ANNOTATED CODE OF MARYLAND, THE UNDERSIGNED REQUESTS A COPY OF ALL PUBLIC RECORDS CONTAINING THE INFORMATION HEREINAFTER DESCRIBED.

Date: _____

Requester: *Michael Oakes*                    Phone No.: *N/A*

Address: *PO BOX 534*

City: *Jessup*          State: *MD*   Zip: *20794*

I request the following public record/s: *On the following date of 12-17-12 I was assaulted By J.C.I officer's L.T Barnett, Sgt. Masson, Sgt. Kane and L.T Uwala. I am requesting a Copy of the video that was Recorded by L.T Stone on 12-17-12 Between 3-4p.m that the assault was video Recorded. Also on 12-18-2012 Sgt. Belogun took photographs of my injerys At J.C.I medical Dept. I'm Requesting Photo Copy. As Required By Maryland Public Information Act request. I Must Submit a written Request through the Department of Public Safety & Corrections Public Info Act office please Release, Photo Copy Evidence and Hand Held video Evidence to Address of Attorney. On 9-16-13 Three individuals Claiming to be From the Anne Arundel County Sheriffs Dept. Saw me and spoke to me about my Desire to press charges and stated they would Return in one week But they Faild to Return or*

*Some reply I'm Requesting Ther full names* Requester's Signature: *Michael C. Oakes* *BAGE HANNIBUS From J.C.I visit entry From Between 9:00 Am - 11:30 P.M*

A copying fee of $ .50 per page will be charged for every request of three or more pages. When the request has been approved, you will be notified as to the total fee. Remit the exact amount by check or money order, payable to the "Maryland Department of Public Safety and Correctional Services" within 30 days from date of approval.

Should your request be denied, you will be notified within 30 days and you will have the right to petition the circuit court in the jurisdiction of your residence or business location, or where the records are situated, to review the matter and rule on such denial.

Mail or Fax:   Jean Goodman, Maryland DPSCS, 300 East Joppa Road, Towson, MD 21286
               Fax (410) 339-4228

| For State Use Only | | | |
|---|---|---|---|
| Reviewer: | | Agency/Division: | Date: |
| ☐ Approved | ☐ Denied | Fee: $ | # of Pages: |
| Description of document: | | | |

# REQUEST TO INSPECT OR RECEIVE COPIES OF PUBLIC RECORDS

## I. Application

1. Applicant's name and address (please print):

   _Michael Oakes 366-104_

   _PO Box 534_

   _Jessup, MD 20794_

2. Date: _____

3. Telephone Number (if you would like to be called before fees are assessed; optional):

   _N/A_

4. Describe or identify the records that you want to inspect or copy:

   _#1) Video That Was Recorded On 12-17-12 By L.7 Stone_
   Noto: _(Hand Hold Video Recording)_

   _#2) Photo Copy Of Injery's that Were Taken on 12-18-12 By (Sgt. Belogun in J.C.I Medical Dept.)_

   _#3) Name's + badge Numbee's J 3 Anne Arundel County Sheriffs_
   At _5p.m. w/ me on the date of 9-16-2013 JCI Visiting Entry Form_

5. Anne Arundel County charges a copy fee of ___ per page. There may also be a fee _9:am-11:a1._ for retrieval and review of the records requested if the retrieval and review take more than two hours.

   A) _____I am willing to pay all fees for this request without prior notification.

   B) _____I am willing to pay fees for this request up to a maximum of $_____.
      If you estimate that the fees will exceed this limit, please contact me.

   C) __✓__ I am requesting that fees be waived of fees requested. I am requesting this waiver on the following grounds: _I am indigent, and only make_
      _#19⁰⁰ a month State Pay, Cleaning Shower._

5. A "person in interest" is a person who is subject of the record, that person's

designee, or that person's parent or legal representative if the person has a disability. Under law, certain records that would not otherwise be available may be available to a "person in interest." At your option, you may indicate if you are a "person in interest."

Are you a "person in interest?" _____        _____
                                           YES                              NO

Please explain: _I'm The person of interest I'm_
_Requesting this Personal Information._
_____

# Department of Public Safety and Correctional Services

**Jessup Correctional Institution**
P. O. Box 534 • JESSUP, MARYLAND 20794
(410) 799-6100 • FAX (410) 799-1025 • TTY USERS 1-800-735-2258 • www.dpscs.maryland.gov

May 14, 2014

STATE OF MARYLAND

MARTIN O'MALLEY
GOVERNOR

ANTHONY G. BROWN
LIEUTENANT GOVERNOR

GREGG L. HERSHBERGER
SECRETARY

PATRICIA DONOVAN
DEPUTY SECRETARY
ADMINISTRATION

CARROLL PARRISH
DEPUTY SECRETARY
FOR OPERATIONS

RHEA L. HARRIS
ASSISTANT SECRETARY/
CHIEF OF STAFF

DAVID N. BEZANSON
ASSISTANT SECRETARY
CAPITAL PROGRAMS

PATRICIA A. VALE
REGIONAL EXECUTIVE
DIRECTOR, SOUTH

WILLIAM O. FILBERT, JR.
DIRECTOR,
CORRECTIONS – SOUTH

JESSUP CORRECTIONAL
INSTITUTION

JOHN S. WOLFE
WARDEN

CHERIE N. PEAY
ASSISTANT WARDEN

ALLEN K. GANG
CHIEF OF SECURITY

Michael Oakes, #366-104
Jessup Correctional Institution
P. O. Box 534
Jessup, Maryland 20794

Dear Mr. Oakes:

Your correspondence received May 9, 2014, addressed to the Department of Public Safety and Correctional Services has been forwarded to my office for review. It will be handled as a request under the Maryland Public Information Act (PIA), Maryland Annotated Code (ACM), and State Government Article (SGA) §§10-611 through 10-628. In your correspondence, you request the following:

(a) A copy of the video tape regarding an incident that occurred on December 17, 2012.

Your attorney requested the above information in February 2013 and was granted the opportunity to review the video footage. Therefore, you must contact your attorney regarding any additional information pertaining to the incident.

Pursuant to §10-614(b)(3)(iii), I must inform you of all remedies available for review. Pursuant to §10-622, you are entitled to an administrative review with this agency upon request. If requested, such review will be conducted in accordance with State Government Article §10-205 through §10-214 and the hearing regulations of the agency. You may also pursue your judicial enforcement remedies under §10-623.

Sincerely,

John S. Wolfe, Warden

JSW/reh
C:   Renata Seergae, Public Information Officer
       File

the incident with Lt. Barnett, Ofcr. Raji had thrown him to the ground and pressed his face into the ground, causing a bruise on the side of his face and swelling and bleeding at his nose.

There was no objective evidence to show that the Grievant was assaulted by Lt. Barnett. The Grievant stated that he was told by a detective of the Internal Investigation Unit (IIU) that a videotape showed him being assaulted by Lt. Barnett and other officers. The evidence does not support this description of the videotape. IIU Detective Chris Burton testified that the videotape showed a very brief scuffle when the Grievant came out of the medical department, with the Grievant going back and forth and officers pulling him back. Det. Burton stated that he did not see an assault on the videotape. The Grievant did not challenge the reliability of this testimony, and I accept it as an accurate account of what the videotape showed. Written reports by Capt. Eric Jefferson and Capt. Craig McDonald also indicated that the videotape did not show an assault. (IGO Ex. # 6).

Det. Burton testified that he saw photographs of the Grievant with a black eye and cuts on his face but since nothing was said about when the photographs were taken, I did not consider the testimony reliable evidence of what happened on December 17, 2012.

Lt. Barnett testified that at the medical department, the Grievant was on the ground, very belligerent and upset, and said he was not going back to his cell; the Grievant got up, cussing and fussing, but went back to the cell without incident. Sgt. Iwill Mason testified that he was part of the escort team that took the Grievant back to the cell, and there was no use of force.

At the Grievant's request, Ofcr. Uwalor and Lt. Trema Stone were subpoenaed, but failed to appear. I find no legal basis to draw an inference from the failure to appear.

Evaluation of the Evidence

Although the Grievant testified that his injuries were caused by Lt. Barnett, I do not find that testimony to be credible evidence, because when the Grievant testified that he had no

**DEPARTMENT OF PUBLIC SAFETY & CORRECTIONAL SERVICES**
**Internal Investigative Unit**

**TO:** Michael Oakes, DOC# 366-104 (JCI)

**DATE:** May 12, 2014

**FROM:** Director Mark J. Carter

| | | | |
|---|---|---|---|
| __X__ | For your information | ___ | Take charge of |
| ___ | As requested | ___ | For additional information |
| ___ | Approve and return | ___ | For comment/recommendation |
| ___ | Note and return | ___ | Give me facts so I can answer |
| ___ | See me | ___ | Prepare reply for my signature |

Re: Letter about incident 12-35-01599 I/C

I have received and reviewed the attached letter. The investigation into this incident is closed. In order retrieve the photos at this time you have to submit a PIA request form (attached) for Case Number 12-35-01599 I/C.

If you have any questions concerning this matter, please direct them to my office at P.O. Box 418, Savage, Maryland 20763.

MJC:tk

Cc: LIA 3-21



DISTRICT COURT OF MARYLAND
District Seven

Peter T. Saquella
*Administrative Commissioner*

The Robert F. Sweeney District Court Building
251 Rowe Boulevard
Annapolis, Maryland 21401
Telephone (410) 260-1316
Fax (410) 260-1349

# MEMORANDUM

**TO:** Michael Oakes, # 366-104

**FROM:** Peter T. Saquella
Administrative Commissioner

**DATE:** December 20, 2013

**SUBJECT:** *Application for charges request*

Inmate Michael Oakes, # 366-104

I am in receipt of your request for an application for criminal charges. Enclosed please find an Application for Charges; DC/CR 1and DC/CR 1A continuation page. This must be filed in person in front of a Judicial Officer of the Court. When you are prepared to file the application please mark the section below requesting a writ for you to be brought before a Commissioner to be sworn and send this letter to the address below. If you need subsequent paper work, more copies of the DC/CR 1, 1A please mark the section below and send this back to the address below. **Please read the back of the form, DC/CR 1, carefully, all information requested should be present in your complaint, if applicable.**

___✓___ Writ Requested

_____ More Copies of DC/CR 1, 1A

Please complete and return this letter to: Administrative Commissioner Peter Saquella
District Court of Md. Anne Arundel Co.
251 Rowe Blvd., Annapolis, Md. 21401

December 12, 2013
    Certified Mail #7012 2210 0000 3742 0713, Return Receipt Requested (19 stamps)

Ms. Jean White
Criminal/Traffic Clerk
Sweeney District Court Building
Anne Arundel County District Court
7-1 District Court Building
251 Rowe Boulevard
Annapolis, MD 21401-2391

RE: CRIMINAL CASE NUMBER

To the Court Commissioner:

    I, Michael Oakes, hereby declare and affirm under the penalties of perjury that all herein is true, complete, and accurate to my personal information and knowledge, and that I was assaulted on December 17, 2012 by correctional administrators and staff at the Jessup Correctional Institution, and I have sought to have criminal charges pressed ever since.

    On September 16, 2013 two individuals claimed they were from the Anne Arundel County Sheriff's Department and they saw me, spoke to me about my desire to press charges, and said they would return, but they failed to return, and they failed to send me any letter or correspondence confirming the status of their inquiries on my behalf.

    Accordingly, I am asking this Commissioner to issue a Writ of Habeas Corpus to bring me to the Courthouse so that I may swear out a warrant for the assault I suffered, and in the event that the Commissioner refuses to issue a writ so I may come to the courthouse to swear out a warrant, I am alternatively asking the Anne Arundel County State's Attorney Frank Weathersbee to review the report of what occurred, and bring me before the Anne Arundel County Grand Jury so that I may testify so that the jury may consider issuing an indictment.

    THANK YOU for your time and anticipated attention in this matter.

                        Sincerely yours,

                        Michael Oakes
                        JCI #366104 EC-701
                        Post Office Box 534
                        Jessup, MD 20794

cc: Frank R. Weathersbee, Esquire
    Anne Arundel County State's Attorney
    Anne Arundel County Circuit Court
    7 Church Circle, 2nd floor
    Annapolis, MD 21401

    Family
    Files

**ENCLOSED AND ATTACHED: TWO-PAGES OF HANDWRITTEN AND TYPEWRITTEN ACCOUNTS OF THE ASSAULT**



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| Postage | $ .66 | m oakas |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | 2.55 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | | 366104 = 701 |

Sent To _MS. Jean Whitenton_
Street, Apt. No; or PO Box No. _251 Rowe Boulevard_
City, State, ZIP+4 _Annapolis, MD 21401-2391_

PS Form 3800, August 2006          See Reverse for Instructions

7012 2210 0000 3742 0713

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Criminal/Traffic Clerk
Sweeney District Court Building
Anne Arundel County District
Court
7-1 District Court Building
251 Rowe Boulevard
Annapolis, MD 21401-2391

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Wieckowski_   ☒ Agent   ☐ Addressee

B. Received by (Printed Name) _S. Wieckowski_   C. Date of Delivery _12/16/13_

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)      7012 2210 0000 3742 0713

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

## CERTIFICATE OF SERVICE

I, Hereby Certify that on this _17_ day of _June_, 20_14_, a

copy of the foregoing Petition for Judicial Review, including Waiver of Prepayment of

Costs for Filing, and Request for Hearing, and Civil/ Domestic Form, was mailed,

postage prepaid, to:

_The Clerk of the Court_
_United States District Court_
_101 West Lombard Street_
_Baltimore, MD 21201_

_Michael Oakes_
_P.O. Box 534_
_Jessup, MD 20794_